UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>5.0096804 BTC, 5,327.090 USDT/ERC20, and 496,452.6472 USDT/TRC20,<br><br>Defendants,<br><br>and<br><br>Eigen Labs, Inc.,<br><br>Claimant. | NO. CV25-00611-RSM<br><br>**STIPULATED MOTION AND SETTLEMENT AGREEMENT AND ORDER** |

WHEREAS Plaintiff United States of America, by and through Charles Neil Floyd, United States Attorney for the Western District of Washington, and Karyn S. Johnson, Assistant United States Attorney, and Third-Party Claimant Eigen Labs, Inc. ("Eigen Labs"), by and through its counsel, Kevin. R. Feldis and Steven D. Merriman, (collectively, "the Parties") wish to resolve this matter without additional utilization of judicial resources and without incurring further litigation expenses, and hereby move for

Settlement Agreement and Order - 1
United States v. 5.0096804 BTC, 5327.090 USDT/ERC20, and
496452.6472 USDT/TRC20, CV25-00611-RSM

entry of judgment awarding all right, title, and interest in the above-captioned 5.0096804 BTC, 5,327.090 USDT/ERC20, and 496,452.6472 USDT/TRC20 (collectively, the "Defendant Cryptocurrency") to Eigen Labs,

IT IS HEREBY STIPULATED as follows:

1. On April 4, 2025, the United States brought this civil *in rem* forfeiture proceeding against approximately 5.0096804 BTC and 5,327.909 USDT/ERC20 ("Defendant Cryptocurrency 1"), formerly held in Payward Interactive ("Kraken") account number ending in BMYY ("Target Property 1"). Defendant Cryptocurrency 1 was seized on or about November 15, 2024, by the Internal Revenue Service – Criminal Investigation ("IRS-CI") pursuant to a federal seizure warrant, served on Kraken and executed on or about November 8, 2024. *See* Dkt. No. 1, ¶¶ 4-5.

2. The United States also brought this civil *in rem* forfeiture proceeding against approximately 496,452.6472 USDT/ERC20 ("Defendant Cryptocurrency 2"), the equivalent value of USDT tokens associated with THVSq4GTzhR9vfEe729LeBBhM3m6TqXhSw ("Target Property 2"). Defendant Cryptocurrency 2 was seized on or about February 25, 2025, by IRS-CI pursuant to a federal seizure warrant, served on Tether and executed on or about November 9, 2024. *Id.*, ¶¶ 4, 6.

3. In its Verified Complaint for Forfeiture *in Rem* (the "Complaint"), the United States alleges that the Defendant Cryptocurrency constitutes or is derived from proceeds traceable to *Wire Fraud*, in violation of Title 18, United States Code, Section 1343, and is subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C). *Id.*, ¶¶ 1, 12, 14-16.

4. In its Complaint, the United States alleges that the Defendant Cryptocurrency is involved in *Money Laundering*, in violation of Title 18, United States Code, Section 1956, or is traceable to such property, and is subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(A). *Id.*, ¶¶ 2, 13, 15.

5.  In its Complaint, the United States alleges that a software development company – *i.e.,* Eigen Labs – was the victim of a phishing scam that resulted in the theft of tokens, which were associated with Eigen Labs' cryptocurrency platform, and which, at the time of the theft, were valued at over $6,000,000. Dkt. No. 1, ¶¶ 28-36. The stolen tokens were converted into different types of cryptocurrency and laundered prior to being moved into Target Property 1 and Target Property 2. *Id.*, ¶¶ 36-44. In other words, the Defendant Cryptocurrency is traceable to the stolen tokens and is involved in money laundering. *Id.*

6.  In accordance with the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules"), the United States provided notice by publication and sent notice to all known potential claimants by means reasonably calculated to reach them. *See* Dkt. Nos. 2 (Notice of Verified Complaint for Forfeiture *in Rem*), 5 (Declaration of Publication), 16 (Request for Entry of Default), and 17 (Declaration of AUSA Karyn S. Johnson in Support of Request for Entry of Default).

7.  Eigen Labs asserts an ownership interest in the Defendant Cryptocurrency. *See* Dkt. Nos. 7 (Claim), 12 (Corrected Verified Claim), 14 (Answer).

8.  No other third-party claims have been submitted to the Defendant Cryptocurrency. *See* Dkt. No. 16 (Request for Entry of Default as to All Potential Claimants Except Eigen Labs), 17 (Declaration of AUSA Karyn S. Johnson in Support of Request for Entry of Default); *see also* Docket.

9.  The Clerk of Court entered Default against all potential third-party claimants, except for Eigen Labs, on July 1, 2025. Dkt. No. 18.

10. On July 10, 2025, the United States filed its Motion for Entry of Default Judgment as to All Potential Claimants Except Eigen Labs (the "Motion"). *See* Dkt. No. 19. The United States brought that motion for the purpose of forfeiting to the United States the potential interests of all persons and entities in the world, other than the interest

of Eigen Labs, so that the United States could then enter into the instant Stipulated Settlement Agreement with Eigen Labs.

11. On October 27, 2025, the Court granted the Motion and entered default judgment condemning and forfeiting, in favor of the United States, the interests of all potential third-party claimants, except the interest of Eigen Labs, as to the Defendant Cryptocurrency. Dkt. No. 20.

12. The United States has evidence regarding Eigen Labs' claim to the Defendant Cryptocurrency and has reviewed Eigen Lab's Claim, Corrected Verified Claim, Corporate Disclosure Statement, and Answer. Dkt. Nos. 7, 12-14.

NOW, THEREFORE, this Settlement Agreement is entered into among the Parties pursuant to the following terms:

13. Eigen Labs warrants and represents that it is the sole and rightful owner of the Defendant Cryptocurrency.

14. The United States hereby stipulates and recognizes that, under the unique facts of this case and Eigen Labs' representations, Eigen Labs was and is the rightful and sole owner of the Defendant Cryptocurrency, and Eigen Lab's property interest in the Defendant Cryptocurrency is superior to the forfeiture interest of the United States in the Defendant Cryptocurrency.

15. The Parties hereby consent and agree to the entry of a judgment awarding all right, title, and interest in the Defendant Cryptocurrency to Eigen Labs.

16. The Parties agree that this Settlement Agreement and Order shall not be construed to create rights in, or grant any cause of action, to any third party not covered by this Settlement Agreement and Order.

17. The Parties hereby waive all rights to challenge or contest the validity of this Settlement Agreement and Order.

18. The Parties will each bear their own costs, attorney's fees, and expenses. Eigen Labs expressly agrees that it shall not be deemed a prevailing party in this action for purposes of costs, attorney's fees, and expenses.

19. Eigen Labs agrees to hold harmless the United States (including but not limited to the Department of Justice, the Department of Treasury, IRS-CI, the United States Marshals Service, and the United States Attorney's Office for the Western District of Washington), and any agents and employees of the United States, from any and all claims in connection with or arising out of the transfer of the Defendant Cryptocurrency to Eigen Labs, via a blockchain address provided by Eigen Labs, including but not limited to any third-party claims of ownership of the Defendant Cryptocurrency. Eigen Labs acknowledges that there will be transaction fees associated with the transfer of the Defendant Cryptocurrency to Eigen Labs' wallet. Eigen Labs agrees that any such fees associated with this transfer of the Defendant Cryptocurrency will be taken out of the current Defendant Cryptocurrency.

20. The Parties agree that the United States had reasonable cause to seize the Defendant Cryptocurrency and to commence and prosecute this forfeiture action against the Defendant Cryptocurrency. The Parties further agree that the Court may enter a certificate of reasonable cause under 28 U.S.C. § 2465(a)(2), as to the Defendant Cryptocurrency, upon entry of judgment or at any time thereafter, upon the United States' request.

21. The Parties recognize that the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3716, which is administered by the Treasury Offset Program ("TOP"), requires the United States Treasury to offset federal payments to collect certain delinquent debts owed to the United States by a payee. Accordingly, Eigen Labs acknowledges that the amount to be returned to Eigen Labs under this settlement agreement may be reduced by the amount of any such delinquent debt that the United States Treasury is required to collect through TOP.

|   |   |
|---|---|
| 1 | 22.     The Parties agree that this Settlement Agreement and Order shall be in full and complete settlement and satisfaction of all civil forfeiture issues relating to the Defendant Cryptocurrency. |

22.     The Parties agree that this Settlement Agreement and Order shall be in full and complete settlement and satisfaction of all civil forfeiture issues relating to the Defendant Cryptocurrency.

23.     The Parties agree that this Settlement Agreement and Order constitutes the complete agreement of the Parties; is subject to review and approval by the Court, as provided in the proposed Order submitted below; and may not be amended without express written authorization from the Parties and approval of the Court.

Based on the foregoing, the Parties move, under Fed. R. Civ. P. 58, for entry of judgment awarding all right, title, and interest in the Defendant Cryptocurrency to Eigen Labs.

Respectfully submitted,

CHARLES NEIL FLOYD
United States Attorney

DATED: November 14, 2025,     *s/ Karyn S. Johnson*
KARYN S. JOHNSON
Assistant United States Attorney
700 Stewart Street, Suite 5220
Seattle, WA 98101
Tel.: (206) 553-7970
Fax.: (206) 553-6934
Karyn.S.Johnson@usdoj.gov

DATED: November 14, 2025               *s/Steven D. Merriman*
                                       STEVEN D. MERRIMAN
                                       Perkins Coie LLP
                                       1201 Third Avenue, Suite 4900
                                       Seattle, WA 98101-3099
                                       Tel.: (206) 359-8000
                                       Fax.: (206) 359-9000
                                       SMerriman@perkinscoie.com

DATED: November 14, 2025               *s/Kevin R. Feldis*
                                       Kevin R. Feldis (admitted *pro hac vice*)
                                       Perkins Coie LLP
                                       3150 Porter Drive
                                       Palo Alto, CA 94304-1212
                                       Tel.: (650) 838-4300
                                       Fax: (650) 838-4350
                                       KFeldis@perkinscoie.com

                                       *Attorneys for Third-Party Claimant*
                                       *Eigen Labs, Inc.*
                                       *Permission to e-sign and e-file provided*
                                       *via email on November 14, 2025*

**ORDER**

Based on the above findings and stipulations, and the files and records of the Court, it is hereby ORDERED:

1. The Court APPROVES the foregoing Settlement Agreement.
2. The Court GRANTS the Parties' motion for entry of judgment awarding all right, title, and interest in the Defendant Cryptocurrency to Eigen Labs.
3. The Court ORDERS that the Clerk of Court enter Judgment awarding all right, title, and interest in the Defendant Cryptocurrency to Eigen Labs.
4. Upon entry of this judgments, the United States shall release the Defendant Cryptocurrency to Third-Party claimant Eigen Labs.
5. Based upon the allegations set forth in the Verified Complaint for Forfeiture *in Rem* (Dkt. No. 1), and the Parties' Stipulated Settlement Agreement, the Court hereby finds the United States had reasonable cause to seize and arrest the Defendant Cryptocurrency and to commence and prosecute this forfeiture action against the Defendant Cryptocurrency. This Order shall constitute a certificate of reasonable cause for the purposes of 28 U.S.C. § 2465.
6. Each party shall bear its own costs, attorney's fees, and expenses.
7. This Court shall retain jurisdiction for the purpose of enforcing the terms of this Order.

IT IS SO ORDERED.

Dated this 2nd day of December, 2025.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE